[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-14004
Non-Argument Calendar
_____

D.C. Docket No. 8:10-cr-00414-EAK-AEP-4


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STEPHANINE RENEE FIELDS,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 23, 2012)

Before TJOFLAT, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Stephanine Fields appeals her 95 month total sentence for conspiracy to commit bank fraud and aggravated identity theft. On appeal, Fields argues that the district court erred in: (1) applying a sentencing enhancement for the amount of loss, pursuant to U.S.S.G. § 2B1.1(b)(1)(E), because she should not be held accountable for those losses caused by the conspiracy in which she was not directly involved; (2) calculating the number of victims, and thus erroneously applied the § 2B1.1(b)(2)(A)(i) enhancement, as Fields cannot legally be held responsible for the victims that she had no knowledge of; (3) applying a sophisticated means enhancement because Fields herself did not do anything sophisticated, as any elements of the offense that may have been sophisticated were executed by her co-conspirators; and (4) failing to give her a downward adjustment for having a minor role in the offense, pursuant to § 3B1.2(b). After thorough review, we affirm.

We review for clear error the district court's factual findings at sentencing, including the loss amount, the number of victims, and the use of sophisticated means. See United States v. Barrington, 648 F.3d 1178, 1199 (11th Cir. 2011), cert. denied, 132 S.Ct. 1066 (2012); United States v. McCrimmon, 362 F.3d 725, 728 (11th Cir. 2004). We also review for clear error a district court's determination not to apply a minor role adjustment. See United States v. De Varon, 175 F.3d 930, 937 (11th Cir. 1999) (en banc).

2

First, we disagree with Fields's claim that the district court erred in enhancing her sentence based on the amount of loss. Under U.S.S.G. § 2B1.1, a defendant is responsible for loss that "the defendant knew or, under the circumstances, reasonably should have known, was a potential result of the offense." U.S.S.G. § 2B1.1, comment. (n.3(A)(iv)). A participant in a conspiracy may be held responsible for the losses resulting from the reasonably foreseeable acts of co-conspirators in furtherance of the conspiracy. United States v. Mateos, 623 F.3d 1350, 1370 (11th Cir. 2010), cert. denied, 131 S.Ct. 1540 (2011); see also U.S.S.G. § 1B1.3(a)(1)(B) (providing that, in the case of jointly undertaken criminal activity, all reasonably foreseeable acts and omissions of others in furtherance of the criminal activity can count towards offense characteristics). A court must first make individualized findings concerning the scope of the defendant's criminal activity, and then may consider all reasonably foreseeable acts of others in the jointly undertaken criminal activity. Mateos, 623 F.3d at 1370. A failure to make such individualized findings does not require us to vacate a sentence, however, if the record supports the district court's determination. United States v. Petrie, 302 F.3d 1280, 1290 (11th Cir. 2002). "In calculating the amount of loss, the district court 'need only make a reasonable estimate of the loss.'" United States v. Grant, 431 F.3d 760, 762 (11th Cir. 2005) (quoting U.S.S.G. § 2B1.1, comment. (n.3(C))).

3

Here, the district court did not clearly err in finding that Fields's offense involved a loss of between $70,000 and $120,000.  For starters, we are unpersuaded by Fields's claim that the court held her accountable for that loss amount merely because she was in a personal relationship with co-conspirator Gerald Lange, since the court found that Fields was an active participant in the conspiracy during their relationship.  Indeed, the testimony of the postal service inspector at sentencing reflected that Fields had directly participated in stealing mail from mailboxes and negotiating checks, that she had been present and acted as a lookout when Lange used fraudulent checks, and that she and Lange had shared the proceeds after paying a tribute to another co-conspirator.  Thus, the court reasonably concluded that she had "assist[ed] full force in this conspiracy," and that those losses that Fields was not "directly responsible for" were reasonably foreseeable, because Fields was aware of the full scope of the fraudulent activity and knowingly participated in the scheme. Moreover, the sum attributed to Fields was limited to those losses that occurred during Fields's participation in the conspiracy, and did not include losses that occurred before or after she became a member.

We are also unpersuaded by Fields's argument that the district court erred in calculating the number of victims.  For sentencing purposes, a "victim" is defined as any person who sustained any part of the actual loss, with a "person" defined to

4

include individuals, corporations, companies, associations, firms, partnerships, societies, and joint stock companies. U.S.S.G. § 2B1.1 comment. (n.1). Actual loss is further defined as "reasonably foreseeable pecuniary harm that resulted from the offense." Id. at comment. (n.3(A)(i)). In the case of mail theft, a victim includes "any person who was the intended recipient, or addressee, of the undelivered United States mail." Id. at comment. (n.4(C)(i)).

Fields's argument that the government failed to prove that she victimized more than 10 people, which, as Fields recognizes is "inextricably intertwined" with her amount of loss argument, fails for the same reasons set forth above. The court did not clearly err in attributing to Fields all of the victims injured as a result of the conspiracy during the period that she was involved, since the evidence shows that Fields was aware of the scope of the conspiracy and therefore the conduct of her co-conspirators was reasonably foreseeable. As a result, because Fields participated in mail theft, the court did not clearly err in finding that each addressee of the mail stolen while she was a member of the conspiracy was a victim of her offense.

Nor do we find clear error in the district court's application of the sophisticated means enhancement. The sophisticated means enhancement is appropriate for especially complex or especially intricate offense conduct, during either execution or concealment of the conduct. U.S.S.G. § 2B1.1 comment. (n.8(B)). Only the totality

5

of the scheme needs to be sophisticated, not each individual action. Barrington, 648 F.3d at 1199. Repetitive and coordinated activities by numerous individuals using sophisticated technology can justify a sophisticated means enhancement. Id.

Here, the conspirators manufactured, and Fields used, Ohio driver's licenses containing all of the security features present on authentic licenses, and fraudulent checks that met industry standards. The conspirators also varied the numbering on the fraudulent checks they manufactured in order to avoid detection. This complex conduct, using sophisticated technology, is sufficient to support a sophisticated means enhancement. See Barrington, 648 F.3d at 1199. In addition, Fields's counsel recognized at sentencing that the other co-conspirators had acted in a sophisticated fashion. Thus, the totality of the scheme was sophisticated, and the district court did not clearly err in applying the sophisticated means enhancement to Fields.

Finally, we find no merit to Fields's argument that the district court erred in failing to give her a downward adjustment for having a minor role in the offense. Under U.S.S.G. § 3B1.2, a defendant is entitled to a two-level decrease if she "was a minor participant in any criminal activity." U.S.S.G. § 3B1.2(b). The Application Notes explain that such an adjustment is appropriate if a defendant "play[ed] a part in committing the offense that makes him substantially less culpable than the average participant." Id. § 3B1.2, comment. (n.3(A)). To determine whether a defendant is

6

entitled to a minor role reduction, the district court should consider her conduct in comparison to the relevant conduct attributed to her in determining her base offense level and in comparison to the conduct of the other participants. United States v. Bernal-Benitez, 594 F.3d 1303, 1320 (11th Cir. 2010). The defendant bears the burden of proving her minor role by a preponderance of the evidence. Id. However, she "'is not automatically entitled to a minor role adjustment merely because she was somewhat less culpable than the other discernable participants.'" Id. at 1320-21 (quoting De Varon, 175 F.3d at 944).

Here, Fields argues that she should have been given the downward adjustment because she was the least culpable person in the conspiracy, and was "merely a pawn used by the other members." However, even if Fields was less culpable than the others, that fact alone would not entitle her to a minor role adjustment. See id. at 1320. Moreover, evidence before the sentencing court indicated that Fields was not only aware of the scope of the fraudulent activity, but she also participated with the co-conspirators in stealing checks from mailboxes and negotiating checks, and shared in the proceeds of the fraud. Based on this evidence, the district court determined that Fields had participated "full force" in the conspiracy, and had performed "essential tasks." Therefore, the district court did not clearly err in concluding that Fields's role was not minor.

**AFFIRMED.**